10

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

AUG 24 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| FELIPE MAGALLANES | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-038 |
| | § | |
| | § | |
| UNITED STATES OF AMERICA | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before this Court is Petitioner, Felipe Magallanes' ("Magallanes") Motion to Vacate, Set Aside or Correct Sentence Pursuant to Title 28 U.S.C. § 2255. (Docket No. 8.) The Government has filed Government's Answer to Petitioners Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence and Government's Motion for Dismissal Under Rule 8 (a)-Rules-Section 2255 Proceedings. (Docket No. 9.)

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner, Felipe Magallanes, was indicted in Cause Number CR B-97-326-02 on September 16, 1997. He was charged with the following offenses : 1) in count one, conspiracy to possess with intent to distribute crack cocaine, 2) in counts two, three, four and five, possession with intent to distribute crack cocaine, 3) in count six, unlawful possession of a firearm from which the serial number had been removed, 4) in counts seven and eight, unlawful possession of firearms in and affecting commerce by a previously convicted felon. Following a jury trial, Magallanes was convicted on all counts except count two. On February 18, 1998, Magallanes

was sentenced to 235 months imprisonment and a 5 year supervised release term for counts one, four and five. There was a 3 year supervised release term for count three, which was to run concurrently. On count six the court imposed a 60 month term of imprisonment and a three year supervised release term to run concurrently. The Court also imposed sentences of 12 months for both count seven and eight. However, the Judgment & Commitment ("J & C") erroneously stated that the court imposed a term of 235 "years" on counts one, three, four and five. It also incorrectly stated that there was a Sentencing Guideline Departure and that the reason for it was Magallanes' acceptance of responsibility. As a result, an amended J & C was filed on September 25, 1998 which corrected the two aforementioned errors. However, the amended J &C incorrectly stated that the Sentencing Guideline Range did not exceed 24 months.

On March 3, 1999, Magallanes appealed his conviction and sentence to the Fifth Circuit which subsequently affirmed on all counts, except count eight which the government conceded was precluded by double jeopardy. The Fifth Circuit remanded to the District Court to vacate count eight.

On April 16, 1999, the J & C was amended a second time pursuant to Fed. R. Crim. P. Rule 35(a) to correct the sentencing error, but the incorrect statement remained in this second amended J & C. However, neither of the two amended J & C's contain the statement that Magallanes accepted responsibililty.

On February 28, 2000, Magallanes timely filed this §2255 petition.

## RECOMMENDATION

Magallanes raised three issues which he claims entitles him to relief under § 2255. His first issue is a direct attack on his sentencing. The second issue is an ineffective assistance of counsel claim in which Magallanes argues that his counsel failed to object to the failure to award

him a three level reduction for acceptance of responsibility. The third issue is also an ineffective assistance of counsel claim in which Magallanes claims his attorney was deficient for failure to object to the one criminal history point assessed for 92-CR-1537-A (Magallanes' prior state court conviction).

As to the first issue, Magallanes can not directly attack his sentence based upon any perceived misapplications of the Sentencing Guidelines. The Fifth Circuit in *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) stated, "A district court's technical application of the Guidelines does not give rise to a constitutional issue." Thus, Magallanes can not obtain relief under § 2255 since the claim is not one of a constitutional nature.

Magallanes' second and third issue both involve ineffective assistance of counsel claims. In order to grant a writ of habeas corpus based on claims of ineffective assistance of counsel, Magallanes must prove that counsel's performance was deficient, that his defense was prejudiced by that deficiency, and that counsel's ineffectiveness worked to his actual and substantial disadvantage in the outcome of the proceedings. *Strickland v. Washington* 466 U.S. 668, 104 S. Ct. 2052, 2064 (1984).

The second issue Magallanes argues in his petition is that his counsel was ineffective because he failed to seek a three point downward departure for acceptance of responsibility. In his petition he cites to the first J & C which states he accepted responsibility. However, the two amended J & Cs did not mention any such fact. Since the amended J & Cs replaced the original, Magallanes has no foundation on which to base his argument since there is no mention of acceptance of responsibility in either of the amended J & Cs. Therefore, his attorney could not have been ineffective for failing to request a three point downward departure because according to the amended J & Cs Magallanes never accepted responsibility. Furthermore, the second

amended J & C was not available to counsel until March 10, 1998 when it was signed and filed with the clerk, hence the attorney would not have had access to that document to make the objection when Magallanes was sentenced on February 18, 1998. Counsel could not be found ineffective for failure to raise a legally meritless claim. *Smith V. Puckett*, 907 F.2d 581 (5th Cir. 1990).

In reference to the third issue, Magallanes alleges that his attorney failed to object to the one criminal history point assessed for 92-CR-1537-A. The Pre-Trial Sentencing Report ("PSR") determined that Magallanes had a state court conviction for possession of cocaine based on his nolo contendere plea in 92-CR-1537-A. Based upon this conviction, Magallanes was awarded one criminal history point. Since Magallanes was on probation for this conviction at the time of the instant offense, he was awarded two criminal history points. As a result of an assault conviction, Magallanes was awarded one criminal history point. These points added up to four criminal history points which placed him in Category III.

Magallanes argues that his attorney was ineffective because his conviction for Cause 92-CR-1537-A was dismissed and his attorney should have objected to his being assessed one point for that matter because that one point had the effect of placing him in Category III instead of II. However, Magallanes has not offered any proof to support his assertion that this conviction has been vacated. The government on the other hand has included three exhibits attached to their brief which show that Magallanes' conviction has never been set aside. (See Docket No. 9, Exhibits 1-3.) The records show that the state prosecutor moved to revoke Magallanes' probation on January 12, 1998 based upon his arrest in this case. Because there is no factual basis to support this claim, Magallanes' attorney was not ineffective for failing to object to the one criminal history point assessed for this conviction.

IT IS therefore **RECOMMENDED** that Mr. Magallanes' 28 U.S.C. § 2255 Petition be **DENIED** and the Government's Motion for Dismissal be **GRANTED.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 22nd day of August, 2000.

John Wm. Black
United States Magistrate Judge